## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SABRINA LEVERETT, | : CIVIL ACTION |
| Plaintiff, | : |
| vs. | : DOCKET NO: |
| IRIDIUM INDUSTRIES, INC. d/b/a ARTUBE; and JOHN DOES 1-5 AND 6-10, | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : *Electronically filed* |

## COMPLAINT

Plaintiff, Sabrina Leverett ("Plaintiff"), residing in the State of

Pennsylvania, by way of Complaint against the Defendants, says:

## Preliminary Statement

This matter is brought by Plaintiff to remedy violations of the Family

Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964 ("Title

VII"), the Equal Pay Act ("EPA"), the Americans with Disabilities Act ("ADA"),

the Pennsylvania Human Relations Act ("PHRA") and the Pennsylvania Wage

Payment Collection Law.

1

## Jurisdiction and Venue

1.     Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331, 28 U.S.C. § 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

2.     Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all parties reside within the district.

## Identifications of Parties

3.     Plaintiff Sabrina Leverett resides in East Stroudsberg, Pennsylvania, and, at all relevant times herein, was an employee of the Defendants.

4.     Defendant Iridium Industries, Inc. d/b/a Artube ("Defendant") is a corporation doing business at 147 Forge Road, East Stroudsberg, Pennsylvania, 18301, and, at all relevant times herein, was the employer of Plaintiff.

5.     Defendants John Does 1-5 and 6-10, currently unidentified are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superio*r, are answerable to the Plaintiff in this matter.

## Exhaustion of Administrative Remedies

6.     Plaintiff exhausted her administrative remedies by filing a Complaint encompassing all claims herein under Title VII, the ADA and PHRA with the Equal Employment Opportunity Commission ("EEOC"), which Complaint was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), and for

which Complaint the EEOC issued a "Right to Sue" Notice closing its investigation on May 9, 2022, less than ninety (90) days prior to filing this Complaint. A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as Exhibit "A."

## General Allegations

7.      Plaintiff began her employment with Defendant as the Human Resources Manager on or about November 1, 2019.

8.      Plaintiff remained employed in that position until her unlawful discharge on or about October 21, 2021.

9.      Throughout the course of her employment, Plaintiff performed up to and/or in excess of the reasonable expectations of her employers.

10.     Throughout her employment, Plaintiff was subjected to severe and/or pervasive harassment on the basis of her race (Black), sex (Female) and protected conduct in complaining about unlawful harassment, as well as when Defendant learned of Plaintiff's pregnancy, as follows:

        a.      At the start of her employment, Defendant's "second-in-command," Sam (Middle Eastern, Male, last name unknown), looked at Plaintiff's hair and asked her why Black women wear weaves or wigs.

3

b.      Plaintiff reported Sam's comment to Defendant's owner, Jacques Sassouni, who merely informed Sam about Plaintiff's complaint rather than taking appropriate remedial measures.

c.      Upon learning of Plaintiff's complaint, Sam came to Plaintiff's office, closed the door, and told Plaintiff that if she had any issues with him that she needed to come to him directly and not involve Sassouni.

d.      Thereafter, Sam continued to make race- and sex-based comments to Plaintiff.

e.      Sam told Plaintiff that he wished he had "Black people's skin" because it does not "wrinkle."

f.      Sam made repeated comments about Plaintiff's body, telling her that she "should watch" her weight and telling her not to eat certain foods so that she could keep her weight down.

g.      Sam called Plaintiff "baby" on a nearly daily basis.

h.      Sam repeatedly told Plaintiff that he "loves" her.

i.      Plaintiff objected to Sam's comments above and asked him to stop making them, but Sam ignored Plaintiff's further complaints and request and continued to make these inappropriate comments.

j.      In January 2021, Plaintiff informed Sassouni that she was pregnant, to which Sassouni responded, "why did you go and do that?"

4

k. Sassouni repeatedly berated Plaintiff for being pregnant because it was a "problem" for the company.

l. Later in her pregnancy when Plaintiff was no longer able to be on the plant floor due to her pregnancy-related condition, Sassouni stated, "what good are you now?"

m. When Plaintiff had to be late due to a doctor's appointment for her pregnancy, Sassouni told Plaintiff that it was "not [his] problem."

n. Sassouni told Plaintiff that he "would not have hired her" if he knew that she "would be getting pregnant."

o. When Sam found out that Plaintiff was pregnant, he told her that she was "supposed to be married before getting pregnant."

p. Later in Plaintiff's pregnancy, Sam told Plaintiff that she was "taking up too much space in the hallway."

q. In early 2020, a Black female member of Defendant's housekeeping staff reported to Plaintiff that a mechanic employed by Defendant, Rick Marcotti (White, Male), was calling Plaintiff a "bitch" and a "nigger."

r. These comments were confirmed by other employees who further informed Plaintiff that other mechanics employed by Defendant made similar comments.

s.    Despite his prior awareness of Marcotti's sexist and racist attitudes and Plaintiff's report of these unlawfully harassing comments, Sassouni took no steps to prevent further unlawful harassment.

t.    Plaintiff continued to report her concerns regarding the sexually and racially hostile work environment to Sassouni throughout her employment, each time with Sassouni failing to take appropriate remedial action to correct the conduct and prevent further harassment.

11.    In or around the summer of 2021, when Plaintiff was 6-7 months pregnant, she required gall bladder surgery and recovery following the surgery.

12.    Plaintiff disclosed her medical condition to Sassouni and her need for medical leave for the surgery and recovery therefrom, thereby requesting a reasonable accommodation for a disability within the meaning of the ADA and PHRA.

13.    At that point, Plaintiff had also been employed for at least 12 months and had worked at least 1,250 hours in the prior 12 months.

14.    Defendant also employed at least 50 individuals within a 75-mile radius of Plaintiff's work location.

15.    Plaintiff was thus eligible for FMLA leave, with a qualifying serious medical condition, and working for a covered employer under the FMLA, at the time of her gall bladder surgery.

16.    Despite Defendant's awareness of Plaintiff's medical condition, request for accommodation and need for FMLA leave, Defendant failed to provide Plaintiff the appropriate notice of her FMLA rights or designate any of her medical absences as FMLA leave.

17.    Instead, merely four days after her gall bladder surgery late in Plaintiff's pregnancy, Sassouni told Plaintiff that her "productivity was going downhill."

18.    In or around early September 2021, just a few weeks prior to Plaintiff's scheduled date for a c-section surgery to deliver her baby, Plaintiff contracted COVID-19 and was medically unable to come to work for two weeks.

19.    Despite Plaintiff's disclosure of this further medical condition to Sassouni and request for accommodation, Sassouni told Plaintiff that she should file for unemployment benefits as she would not be paid while she was out due to her COVID-19 infection.

20.    Sassouni's direction to Sassouni to file for unemployment benefits and refusal to pay her while she was out due to COVID-19 was in direct contrast to how he had treated other managers outside of Plaintiff's protected classifications who had been out due to COVID-19, but were not instructed to file for unemployment benefits.

21.     Plaintiff's c-section surgery was scheduled for September 22, 2021 and required recovery time following the surgery.

22.     Plaintiff made Sassouni aware of her c-section surgery date and need for leave for the surgery and recovery time, thereby requesting further reasonable accommodation pursuant to the ADA, PHRA and Title VII as a pregnancy accommodation.

23.     Plaintiff was further an eligible employee under the FMLA at the time of her scheduled c-section.

24.     Defendant again failed to provide Plaintiff with the required notice of FMLA rights or designate her leave as FMLA leave.

25.     Defendant further failed to engage in the interactive process with respect to Plaintiff's request for reasonable accommodation.

26.     To the contrary, on September 23, 2021, the very next day following her c-section surgery, Sassouni called Plaintiff to ask if she was coming back to work on the following Monday – four days later.

27.     Defendant required Plaintiff to keep working while she was supposed to be on leave recovering from her c-section surgery and during the time she was entitled to FMLA leave following the birth of her child.

28.     Plaintiff was thereby denied her FMLA leave and was back at work full-time within two weeks of her c-section surgery.

29.    Notwithstanding Plaintiff's compliance with Defendant's unlawful requirement that she work during this time, Defendant failed to pay Plaintiff her income on her regularly scheduled payroll dates from late September 2021 through the date of her constructive discharge on October 21, 2021.

30.    Plaintiff repeatedly questioned Sassouni about Defendant's failure to pay her for her work, and Sassouni repeatedly promised that he would "call her" about it, but never did.

31.    As Human Resources Manager, Plaintiff was also aware that, from the start of her employment and throughout her employment with Defendant, she was paid substantially less than others outside of her protected classifications with similar management roles and experience.

32.    Plaintiff complained about the disparate pay practices numerous times to Sassouni, but Defendant never remedied this pay discrimination.

33.    Finally, on October 21, 2021, having endured a sexually and racially hostile work environment beyond the point of toleration and now working without pay, Plaintiff could no longer endure these abusive and unlawful working conditions and was constructively discharged as of that date.

34.    The aforementioned harassing conduct included comments that were sexual and/or sex-based on their face and/or were motivated by Plaintiff's sex (Female).

9

35.   The aforementioned harassing conduct included comments that were racial and/or race-based on their face and/or were motivated by Plaintiff's race (Black).

36.   The aforementioned harassing conduct included comments that were pregnancy-based on their face and/or were motivated by Plaintiff's pregnancy and/or pregnancy-related conditions.

37.   The aforementioned harassing conduct included comments that were motivated by Plaintiff's engaging in protected activity under Title VII in complaining about unlawful harassment and discrimination based on race and sex.

38.   The aforementioned harassing conduct was severe and/or pervasive.

39.   The aforementioned harassing conduct was such that a reasonable person in the same or similar circumstances as Plaintiff would have found the work environment to have become hostile, intimidating and/or abusive.

40.   Plaintiff, herself, did find her work environment to be hostile, intimidating and/or abusive based on the aforementioned harassing conduct.

41.   The aforementioned harassing conduct was perpetrated by supervisory employees of Defendant and/or those with influence over Plaintiff's supervisors, and was reported to Defendant's owner.

42. The aforementioned harassing conduct perpetrated by non-supervisory employees was reported to Defendant's owner who indicated his prior awareness of such conduct.

43. Defendant is responsible for the harassment because it failed to reasonably promulgate and/or enforce a policy prohibiting the same.

44. Defendant is also liable for the harassment because it knew or should have known about the harassment and failed to take prompt and effective remedial measures to stop it.

45. At all times relevant herein, Plaintiff had worked for the Defendants for at least twelve months and had worked at least 1,250 hours in the twelve months preceding her first need for medical absence, and, accordingly, was an eligible employee under the FMLA.

46. At all times relevant herein, the Defendants employed at least 50 employees within a 75-mile radius of Plaintiff's work location for at least 20 workweeks in the year and/or preceding year in which Plaintiff first required medical absence, and, accordingly, Defendants were covered employers under the FMLA.

47. Despite having notice of Plaintiff's need for medical leave for her own serious health condition under the FMLA, Defendant failed to provide Plaintiff with a notice of her rights regarding same.

11

48.    Defendant further failed to provide a determination of Plaintiff's eligibility for leave under the FMLA and/or to request any further information they required, if any, to make such determination.

49.    Defendant thereby interfered with Plaintiff's rights under the FMLA.

50.    The Defendant further violated Plaintiff's rights under the FMLA by retaliating against her for her exercise and/or attempted exercise of her rights.

51.    Defendant's adverse employment actions taken against Plaintiff as alleged above were motivated by Plaintiff's membership in one or more protected groups as follows: sex (Female), race (Black), pregnancy and/or pregnancy-related condition, disabilities, Defendant's perception(s) of Plaintiff's disabilities, and/or her engaging in protected activity under Title VII and the ADA.

52.    To the extent there is any "mixed motive," Plaintiff need only show that a determinative or motivating factor in Defendant's actions and/or omissions described above were because of her membership in one or more of the protected groups set forth above.

53.    As a result of Defendant's actions and/or omissions described above, Plaintiff has been forced to suffer economic and non-economic harm, including emotional distress.

54.    Because Defendant's actions and/or omissions described above were undertaken by members of upper management and/or members of upper

management were willfully indifferent to the same, and because actions were especially egregious, punitive damages are warranted.

55.    Plaintiff is further entitled to liquidated damages under the FMLA, EPA and WPCL.

## COUNT I

### FMLA Violation – Interference

56.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 55, as though fully set forth herein.

57.    For the reasons set forth above, the Defendants have interfered with Plaintiff's rights under the FMLA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### FMLA Violation – Retaliation

58.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 57, as though fully set forth herein.

59.    For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the FMLA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

## Race Discrimination Under Title VII

60.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 59, as though fully set forth herein.

61.    For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination, including constructive discharge, in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Sex Discrimination Under Title VII

62.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 61, as though fully set forth herein.

63.    For the reasons set forth above, the Defendants are liable to Plaintiff for sex discrimination, including constructive discharge, in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### Pregnancy Discrimination Under Title VII

64.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 63, as though fully set forth herein.

65.    For the reasons set forth above, the Defendants are liable to Plaintiff for pregnancy discrimination, including constructive discharge, in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including

15

emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VI

### Failure to Accommodate Pregnancy Under Title VII

66. Plaintiff hereby repeats and re-alleges paragraphs 1 through 65, as though fully set forth herein.

67. For the reasons set forth above, the Defendants are liable to Plaintiff for failing to provide reasonable accommodations for her pregnancy and/or pregnancy-related conditions in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VII

### Retaliation Under Title VII

68. Plaintiff hereby repeats and re-alleges paragraphs 1 through 67, as though fully set forth herein.

69.    For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation, including constructive discharge, in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT VIII

### Violation of the Equal Pay Act

70.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 69, as though fully set forth herein.

71.    For the reasons set forth above, the Defendants are liable to Plaintiff for pay discrimination in violation of the EPA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IX

### Disability Discrimination Under the ADA

72.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 71, as though fully set forth herein.

73.    For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT X

### Discrimination Based on Perception of Disability Under the ADA

74.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 73, as though fully set forth herein.

75.    For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit,

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XI

### Failure to Accommodate Disability Under the ADA

76.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 75, as though fully set forth herein.

77.     For the reasons set forth above, the Defendants are liable to Plaintiff for failing to accommodate her disability in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XII

### Retaliation Under the ADA

78.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 77, as though fully set forth herein.

79.     Plaintiff was subjected to retaliation after she engaged in protected activity under the ADA, such that the Defendants are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages including emotional distress and personal hardship, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XIII

### Race Discrimination Under the PHRA

80.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 79, as though fully set forth herein.

81.    For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XIV

### Sex Discrimination Under the PHRA

82.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 81, as though fully set forth herein.

20

83.    For the reasons set forth above, the Defendants are liable to Plaintiff for sex discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XV

### Pregnancy Discrimination Under the PHRA

84.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 83, as though fully set forth herein.

85.    For the reasons set forth above, the Defendants are liable to Plaintiff for pregnancy discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XVI

### Failure to Accommodate Pregnancy Under the PHRA

86.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 85, as though fully set forth herein.

87.    For the reasons set forth above, the Defendants are liable to Plaintiff for failing to provide reasonable accommodations for her pregnancy and/or pregnancy-related conditions in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XVII

### Disability Discrimination Under the PHRA

88.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 87, as though fully set forth herein.

89.    For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees,

22

enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

## COUNT XVIII

### Discrimination Based on Perception of Disability Under the PHRA

90.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 89, as

though fully set forth herein.

91.    Plaintiff was subjected to discrimination based on the Defendants

perception of her disability such that they are liable under the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly,

severally and in the alternative, together with compensatory damages, including

emotional distress and personal hardship, interest, cost of suit, attorneys' fees,

enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

## COUNT XIX

### Failure to Accommodate Disability Under the PHRA

92.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 91, as

though fully set forth herein.

93.    For the reasons set forth above, the Defendants failed to accommodate

Plaintiff's disability in violation of the PHRA such that they are liable.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XX

### Retaliation Under the PHRA

94.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 93, as though fully set forth herein.

95.    For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of the PHRA.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XXI

### Violation of the WPCL

96.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 95, as though fully set forth herein.

97.    For the reasons set forth above, the Defendants are liable to Plaintiff for violation of the WPCL.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, and any other relief the Court deems equitable and just.

## REQUEST FOR DECLARATORY AND EQUITABLE RELIEF

98.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 97 as though fully set forth herein.

99.    In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a.    Plaintiff requests a declaration by this Court that the practices contested herein violate federal and Pennsylvania law as set forth herein;

b.    Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

25

c. Plaintiff requests equitable reinstatement to her position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and front pay;

d. Plaintiff requests that any order for equitable reinstatement, back pay and/or front pay includes the full value of all lost wages, benefits, fringe benefits and other remuneration of which Plaintiff was deprived due to the Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

e. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or her attorneys in connection with this litigation and all of Plaintiff's reasonable attorneys' fees along with statutory and required enhancements to said attorneys' fees;

f. Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training within 90 days of such order, and thereafter annual training, on the prevention of employment practices prohibited by the FMLA, Title VII, the EPA, the PHRA, the ADA and the WPCL, and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

26

g.      Plaintiff requests that the Court order the Defendants to have all supervisory and Human Resources personnel undergo and complete an initial training within 90 days of such order, and thereafter annual training, on the employer's obligations to investigate and address complaints of harassment prohibited by Title VII, the EPA, the PHRA and the ADA, and to require that such training be conducted by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

h.      Plaintiff requests that the Court order the Defendants to furnish proof of completion of the initial training to Plaintiff within 180 days of such order;

i.      Plaintiff requests that the Court order that the Defendants expunge from all records any reference to the Plaintiff's termination and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of her employment and last position held unless legally required to produce other information; and

j.      Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic

compensatory damages, punitive damages, liquidated damages, declaratory relief and equitable relief to include equitable reinstatement, back pay and front pay, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & MAINS, LLC**

By: ***/s/ Miriam S. Edelstein***

Dated: June 8, 2022                     Miriam S. Edelstein
                                                        18000 Horizon Way, Suite 800
                                                        Mount Laurel, NJ 08054
                                                        Tel: (856) 727-9700
                                                        Fax: (856) 727-9797
                                                        medelstein@costellomains.com

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through her above signed counsel, hereby demands, pursuant to rule 38(b) over the Federal rules of civil procedure, a trial by jury on all counts in the above – caption action.

**COSTELLO & MAINS, LLC**

**By:   */s/ Miriam S. Edelstein***
                **Miriam S. Edelstein**

28

# EXHIBIT A

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Ms. Sabrina Leverett**<br>**213 Spring Lane Apt 1306**<br>**East Stroudsburg, PA 18301** | From:  **Philadelphia District Office**<br>**801 Market St, Suite 1000**<br>**Philadelphia, PA 19107** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2022-00546** | **Legal Unit** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

      More than 180 days have passed since the filing of this charge.

      The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):*** *You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:  Karen McDonough, 05/09/2022

Enclosures(s)

**Karen McDonough,**
**Enforcement Manager**

cc:    **Jacques Sassouni**

     **Miriam S Edelstein**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***