## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SABRINA LEVERETT,** | : | **No. 3:22cv917** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| | : | |
| **IRIDIUM INDUSTRIES, INC. d/b/a** | : | |
| **ARTUBE; and JOHN DOES 1-5** | : | |
| **AND 6-10,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Defendant Iridium Industries, Inc.'s

("defendant") motion to dismiss portions of the Plaintiff Sabrina Leverett's

("plaintiff") employment discrimination complaint and the plaintiff's motion to

dismiss the defendant's counterclaims and/or to strike impertinent material in

pleadings.  The matter has been fully briefed and is ripe for disposition.

**Background**[1]

Plaintiff began working as defendant's Human Resources Manager on or

about November 1, 2019.  (Doc. 8, Am. Compl. ¶ 7).  Plaintiff is Black and

---

[1] These brief background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations in the complaint as true. Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

female.  (Id. ¶ 10).  The defendant corporation is owned by Jacques Sassouni.

(Id. ¶ 10(b)).  Defendant's "second-in-command" is Sam (last name unknown), a

man of Middle Eastern descent.  (Id. ¶ 10(a)).

Sassouni and Sam made racially harassing comments or condoned

comments made by other employees directed at plaintiff, as follows:

- Sam asked plaintiff why Black women wear weaves or wigs.  (Id.)

- Sam declared to plaintiff that he wished he had "Black people's skin"

because it does not wrinkle.  (Id.  ¶ 10(e)).

- A Black female member of Iridium's housekeeping staff reported to

plaintiff that Rick Marcotti, a Caucasian male mechanic employed by Iridium, was

calling plaintiff a highly derogatory racial slur.  (Id. ¶ 10(q)).

- Other employees confirmed that these comments were made and that

other mechanics made similar comments.  (Id. ¶ 10(r)).

- Despite awareness of Marcotti's racist attitude and plaintiff's report of

same, Sassouni took no steps to prevent further harassment.  (Id. ¶ 10(s)).

- Throughout her employment, plaintiff continued to report her concerns

regarding the racially hostile work environment, and Sassouni continued to fail to

take appropriate remedial action to correct the conduct and prevent further

harassment.  (Id. ¶ 10(t)).

Eventually, in October 2021, plaintiff claims that she was constructively discharged from her employment.  (Id. ¶ 33).

Based upon these facts, the plaintiff alleges race discrimination under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et seq., racial harassment (hostile work environment) under Title VII; race discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. § 951 et seq.; and racial harassment (hostile work environment) under the PHRA.[2]   Plaintiff also raises a claim for discrimination in pay pursuant to the federal Equal Pay Act, ("EPA"), 29 U.S.C. § 206(d)(1).

Defendant has filed a motion to partially dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  Defendant seeks dismissal of the counts of racial discrimination and the counts alleging pay discrimination.   In addition to the motion for partial dismissal, defendant filed a partial answer to the amended complaint and state-law counterclaims for unjust enrichment and restitution which involve allegations that plaintiff improperly received both her salary from defendant and benefits from a short-term disability insurance plan in September

---

[2] Plaintiff's Twenty-nine (29) count Amended Complaint also alleges illegal employment discrimination based upon sex (Female), pregnancy and/or pregnancy-related condition, disabilities, defendant's perception(s) of plaintiff's disabilities and/or her engaging in protective activity under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. This memorandum will not discuss all of these counts but will rather only discuss the counts of plaintiff's complaint relevant to the motion to dismiss.

and October 2021.  (Doc. 27, Counterclaims).   Plaintiff has moved to dismiss

defendant's counterclaims pursuant to Rule 12(b)(6).  The parties have briefed

their respective positions regarding the motions, and the matter is ripe for

disposition.  The court will address the two motions separately beginning with

defendant's motion for partial dismissal.

**Jurisdiction**

As plaintiff brings suit pursuant to federal anti-discrimination laws, the court

has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall

have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.").  The court has supplemental jurisdiction over the

plaintiff's state law claims and the defendant's state law counterclaims pursuant

to 28 U.S.C. § 1367.

**Legal Standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the

complaint's allegations when considering a Rule 12(b)(6) motion.  All well-

pleaded allegations of the complaint must be viewed as true and in the light most

favorable to the non-movant to determine whether, "'under any reasonable

reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper

Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by

4

Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level."  McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.  Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

6

**Discussion**

**I.  Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint**

Defendant's motion for partial dismissal addresses two sets of claims in plaintiff's amended complaint.  First, defendant seeks dismissal of plaintiff's race discrimination claims and second, defendant seeks dismissal of plaintiff's equal pay claims.  The court will address each in turn.

**1.  Race discrimination**

First, defendant moves to dismiss all the counts in plaintiff's complaint alleging race discrimination.  The law provides that to prevail on her race discrimination claims, plaintiff must establish that race "played a role in the employer's decisionmaking process."  <u>Gomez v. Allegheny Health Servs., Inc.</u>, 71 F.3d 1079, 1084 (3d Cir. 1995).  "[S]tray remarks by non-decisionmakers . . . are inadequate to support an inference of discrimination by the employer."  <u>Id.</u> at 1085.  Defendant argues that comments and conduct about plaintiff's race are solely attributable to persons who did not make decisions regarding her employment.  According to defendant, plaintiff cannot prevail on a race discrimination cause of action and those causes of actions based on racial discrimination in the amended complaint should be dismissed.  After a careful review, the court disagrees.

7

Plaintiff's allegations indicate more than a stray remark from a non-decisionmaker.  She complained about the racial harassment to Sassouni, the owner of Defendant Iridium.  (Doc. 8, ¶ 10(b)).  Additionally, Sassouni's second-in-command, Sam, made some of the racially charged comments.  Thus, plaintiff has alleged her employer's owner and his second-in-command were either involved in making comments or failing to stop others from making comments.  It can fairly be inferred that these individuals would be able to make employment decisions or at the very least influence employment decisions regarding plaintiff.  For purposes of a motion to dismiss, therefore, the court finds that plaintiff has made sufficient allegations of racial discrimination.  See Abramson v. William Paterson College of N.J., 260 F.3d 265, 286 (3d Cir. 2001) ("Under our case law, it is sufficient if those exhibiting discriminatory animus influenced or participated in the decision to terminate."). Defendant's motion to dismiss the racial discrimination claims from the complaint will thus be denied.

## 2. Pay discrimination claim

Plaintiff's complaint alleges that defendant violated the EPA which prohibits discrimination in pay based upon sex. 29 U.S.C. § 206(d)(1).  Defendant argues that the plaintiff does nothing more than recite the elements of an EPA claim in her complaint, and this is insufficient to state a claim.  After a careful review, the court disagrees.

"To state an EPA claim, a plaintiff must plead that 'employees of the opposite sex were paid differently for performing equal work—work of substantially equal skill, effort and responsibility, under similar working conditions.'" Jones v. Amerihealth Caritas, 95 F. Supp. 3d 807, 813 (E.D. Pa. 2015) (quoting Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000).

In support of its position, defendant cites to three cases, including Endo Pharma. Inc. v. Fryer,  Civ. No. 17-2245, 2020 WL 4748296 (E.D. Pa. Aug. 17, 2020).  In Endo, the court found insufficient allegations of an EPA claim where the employee merely stated that she, as a woman, was paid at rates less than male employees for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.  Id. at *3.  The court found that she had merely recited the boilerplate requirements of the statute instead of any cognizable facts, therefore, the EPA claim was dismissed. Id.

Defendant also cites to Best v. Cnty. of Northumberland, No. 4:11cv896, 2011 WL 6003853 (M.D. Pa. Nov. 30, 2011).  In that case, the EPA claim was dismissed because plaintiff compared her rate of pay to someone with a different employment position.  She worked as the chief clerk and assistant solicitor and compared her rate of pay to the Human Resources Director.  Dismissal of the

9

EPA claim was appropriate because she compared her job to another one without alleging that the common core of tasks of each was the same. Id. *6.

A third case cited by the defendant is Gumbs v. Delaware Dept. of Labor, C.A. No. 15-190-RGA, 2015 WL 3793539 (Jun. 17, 2015). In this case, the plaintiff had not met her pleading obligation as they were conclusory and equated to no more than a recitation of the elements of an EPA claim. Id. *3.

The allegations of plaintiff's complaint are distinguishable from all of these cases cited by the defendant. Plaintiff does not compare her position to someone with an entirely different position, and she does more than plead a conclusory recitation of the elements. The plaintiff's amended complaint alleges: "As Human Resources Manager, Plaintiff was also aware that, from the start of her employment and throughout her employment with Defendant, she was paid substantially less than others outside of her protected classifications with similar management roles and experience. . . . Plaintiff complained about the disparate pay practices numerous times to Sassouni, but Defendant never remedied this pay discrimination." (Doc. 8, Am. Compl. ¶¶ 31-32). The court finds that these alleged facts are sufficient to support a claim under the EPA to defeat a motion to dismiss. This is especially true due to the position that plaintiff held, Human Resources Manager. As the Human Resource Manager, plaintiff would know what others were paid and what their job duties were. Of course, after discovery,

the facts may require a different result, but at this early stage of the litigation the court considers as true the facts alleged in plaintiff's amended complaint.

## II. Plaintiff's Motion to Dismiss Defendant's Counterclaims

Defendant has filed two counterclaims to plaintiff's amended complaint.[3] Generally, defendant's counterclaims involve allegations that plaintiff improperly received simultaneous salary payment from defendant and short-term disability payments from September 2021 to October 2021. (See Doc. 27). Defendant seeks a return of the monies paid to plaintiff for this time period under theories of unjust enrichment and restitution. (Id.) Plaintiff has moved to dismiss both of the counterclaims.

To establish unjust enrichment the defendant must demonstrate:

1) that it conferred benefits upon the plaintiff;

2) appreciation of the benefits by the plaintiff; and

3) plaintiff's acceptance and retention of the benefits under circumstances making it inequitable for plaintiff to retain the benefit without payment of value. Wilson v. Parker, 227 A.3d 343, 353 (Pa. Super. Ct. 2020) citing Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 179

---

[3] With regard to the counterclaims, the defendant becomes the counterclaim plaintiff and the plaintiff becomes the counterclaim defendant. For purposes of consistency, the court will continue to refer to the Sabrina Leverett as plaintiff and Iridium Industries as defendant.

A.3d 1093, 1102 (Pa. 2018)).  The court's focus is not on the parties' intentions but rather on whether the defendant has been unjustly enriched.  Id.

Here, defendant did confer a benefit upon plaintiff, that is the salary for the time-period in question. The issue is whether defendant has pled that it would be inequitable for plaintiff/counterclaim defendant Leverett to retain the salary.  It appears from the amended complaint that plaintiff was a salaried employee of defendant.  As such it would be appropriate for defendant to pay her salary for as long as she was employed.   The counterclaim alleges that plaintiff separated from employment with defendant on October 21, 2021, and that is the last day for which she received her salary payment from defendant.  (Doc. 27, CC ¶ 16). [4] The counterclaim then asserts that plaintiff fraudulently obtained short-term disability benefits.  (Id. at 20).  It appears that defendant's position is that there were overlapping payments of salary and short-term disability benefits and that the short-term disability benefits were fraudulently obtained.

Defendant alleges improper payment of the disability benefits, not improper payment of the salary.  (See, e.g., id. ¶ 5, "Plaintiff was not entitled to receive any amount of the Short-Term Disability Overpayment at any time during or after her employment with Iridium[.]")  Defendant paid the salary, not the disability

---

[4] Defendant's answer and counterclaims are contained in one document.  Defendant began renumbering the paragraphs when it stated its counterclaims.  Thus, for clarity, the court will refer to the paragraphs found in the counterclaims as "CC ¶ #".

benefits.  It appears therefore, as if plaintiff was not unjustly enriched by receiving the salary from her employer.  As alleged in the counterclaim, it might be argued that plaintiff was unjustly enriched by the insurance company.  But it is not the insurance company here suing, it is the employer.  Accordingly, defendant's unjust enrichment claim will be dismissed.

The second counterclaim is for "Restitution."  Under Pennsylvania law, the elements of a restitution claim are:  (1) a requisite mistake and (2) consequent unjust enrichment.  Lower Bucks Cnty. Joint Mun. Auth. v. Koszarek, 244 A.3d 54, 63 (Pa. Commw. Ct. 2020).  As noted above, the defendant's counterclaim does not properly set forth a claim for unjust enrichment.  As unjust enrichment is an element necessary for restitution, then defendant's claim for restitution also fails.

Thus, both of defendant's counterclaims will be dismissed. The last remaining question is whether they should be dismissed with prejudice or without prejudice to defendant filing an amended answer and counterclaims.  Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962).

At this point of the litigation, the court has not previously granted leave to amend the counterclaims and such amendment may not be futile depending on the facts known to the defendant.  Accordingly, leave will be granted to the defendant to file amended counterclaims.

**Conclusion**

For the reasons set forth above, the defendant's motion for partial dismissal will be denied.  The plaintiff's motion to dismiss the counterclaims will be granted, and defendant will be granted leave to file an amended answer/counterclaims. An appropriate order follows.

**Date:** 6/12/24

JUDGE JULIA K. MUNLEY
United States District Court

14